UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| GEORGE L. DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 1:24-cv-00212-JRH-BKE |
| ANDREW O. HENDERSON and | ) | |
| RENT-A-TIRE, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT PROTECTIVE ORDER

*Having fully considered the parties' Consent Protective Order, and for good cause shown, the Court **APPROVES** the request for entry of the same, subject to the following modifications:*

*(1) The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;*

*(2) Nothing in this protective order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents; and*

*(3) Nothing in this protective order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.*

COME NOW, Plaintiff George Dixon ("Plaintiff") and Rent-A-Tire, L.P., Andrew O. Henderson, ("Defendants) (collectively, "Parties") and hereby stipulate to and request that the Court enter the following Agreed Protective Order:

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which protection from public disclosure may be warranted. The parties acknowledge that neither this Order nor any confidentiality designation pursuant to it constitutes a ruling by this Court that any specific information is, in fact, confidential.

## 2. CONFIDENTIAL INFORMATION & ATTORNEYS' EYES ONLY

As used in this order, "Confidential Information" may include, but is not limited to documents, electronically stored information, tangible things, writing, papers, models, photographs, films, videotapes, transcripts of oral testimony, whether printed, recorded or produced by hand or any other mechanical process, which a Producing Party believes in good faithwould be considered confidential under Federal or Georgia law including any information or tangible things for which there is good cause for protection as contemplated under Fed. R. Civ. P. 26(c)(1)(G)(H) – examples of such information include social security or taxpayer-identification numbers; names of minor children; financial account numbers; product design and other confidential product information; personally identifiable customer information; and trade secrets or other confidential research, development, or commercial information. All copies, summaries and reproductions of any Confidential Information are also subject to this Order.

Additionally, documents or information produced or disclosed within any proceeding, formal or informal, including but not limited to written discovery, depositions, affidavits, document production, and expert disclosures, by any of the parties to this action or by any non-party witness, which are of a highly sensitive or proprietary or trade secret nature, may be designated by the producing party or witness as "Confidential."

"Confidential Information" and documents and information designated as "Confidential" or "Attorney's Eyes Only" do not include any information that:

a.  is publicly available at the time of disclosure unless it became publicly available through violation of a confidentiality obligation;

b.  becomes publicly available after disclosure through no fault of the Receiving Party (defined below) unless it became publicly available through violation of a confidentiality obligation;

c.  was known to the Receiving Party prior to disclosure and is not governed by

confidentiality obligations. If the Designating Party designates the same information/disclosure as Confidential or Attorney's Eyes Only and the Receiving Party was in prior possession of said information prior to said disclosure and chooses to challenge this designation due to its prior receipt, the parties will confer concerning the designation and can choose to avail themselves of the challenging provisions of subpart (5) of this Agreement; or

d. The Receiving Party lawfully receives at a later date from a third party without restriction as to disclosure and without the third party's having violated any confidentiality obligation. If the Designating Party designates the same information/disclosure as that received by the Receiving Party, and the Receiving Party chooses to challenge this designation due to its lawful receipt from a third party, the parties will confer concerning the designation and can choose to avail themselves of the challenging provisions of subpart (5) of this Agreement.

**3. ADDITIONAL DEFINITIONS**

3.1. <u>Party</u>: Any party to this action, including all of its officers, directors, consultants, retained experts, and counsel (and their support staff).

3.2. <u>Non-party</u>: Any person or entity other than a party.

3.3. <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.4. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated by a Party or Non-party as "Confidential" OR for "Attorneys' Eyes Only" in accordance with paragraph 4, unless the designation is challenged and (a) the Court decides such material is not entitled to protection as confidential; or (b) the Designating Party withdraws its confidentiality designation

in writing. Producing Party: A Party or Non-party that produces Disclosure or Discovery Material in this action.

3.5. Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.6. Designating Party: A Party or Non-party that designates information or items that it produces in disclosures or in responses to discovery as confidential or for attorneys' eyes only. The Party or Non-party designating information or items as confidential or for attorneys' eyes only bears the burden of establishing good cause for the confidentiality of all such information or items.

3.7. Challenging Party: A Party that challenges a Designating Party's confidentiality or confidential designation.

3.8. Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

3.9. House Counsel: Attorneys who are employees of a Party.

3.10. Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

3.11. Expert: A person who has been retained by a Party or Counsel to serve as a testifying or non-testifying expert witness or as a consultant in this action, including any person specially retained to provide expert opinions in a hybrid capacity. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.12. Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; e-discovery, *etc.*) and their employees and subcontractors.

## 4. DESIGNATING MATERIAL AS CONFIDENTIAL AND/OR FOR ATTORNEYS' EYES ONLY

4.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. The designation of material as confidential shall constitute a representation to the Court that the Designating Party and its counsel believe in good faith that the information constitutes Confidential Information and/or for Attorneys' Eyes Only. Parties and Non-parties shall make a good faith effort to designate information in a way that provides the greatest level of disclosure possible, while still preserving the confidentiality of Protected Material.

Each Party or Non-party that designates information or items for protection under this Order must use good faith efforts to limit any such designation to the specific material that qualifies for protection as Protected Material. If only part of a document contains Protected Material the Designating Party will in good faith make efforts to avoid designating the whole document as confidential and/or for attorneys' eyes only in an effort to only designate the specific information that is confidential and/or for attorneys' eyes only. The parties will confer concerning any such designation that the Receiving Party feels is overbroad in an effort to reach an agreement, reserving the right to choose to challenge such designation under the provisions as outlined in subpart (5) of this Agreement. This provision is an effort to prevent mass, indiscriminate, or routinized designations. Should the Receiving Party contend that designations are unjustified *or* have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process, or to impose unnecessary expenses and burdens on other parties), the Receiving Party reserves all rights to move for sanctions against the Designating Party upon appropriate motion to the Court.

If it comes to a Designating Party's attention that information that it designated as Protected Material does not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2.   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated confidential and/or for attorneys' eyes only before the material is disclosed or produced.

Designation in conformity with this Order requires:

a.   <u>For information in documentary form</u> (apart from transcripts of depositions), the Producing Party must affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the bottom or top of each page that contains material designated confidential. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the confidential portion(s) (*e.g.*, by making appropriate markings in the margins, but not over text).

A Party or Non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be treated as Protected Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the bottom of each page that contains Protected Material. If only a portion of

the material on a page qualifies for protection, the Producing Party also must clearly identify the confidential and/or attorneys' eyes portion(s) (*e.g.,* by making appropriate markings in the margins, but not over text).

      b.    <u>For testimony given in deposition proceedings</u>, a Party, or the Non-party that sponsors, offers, or gives the testimony, may designate the testimony on the record as Protected Material and shall have up to 21 days after receipt of the deposition transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Agreed Protective Order. During such 21-day period, the transcript shall be considered Confidential Information, unless the parties otherwise agree in writing or the Court orders otherwise. Exhibits containing documents or material previously designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall continue to maintain this designation and such a designation shall not be waived even if not identified as described above.

      The court reporter must affix the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" at the bottom of transcript pages containing information designated as confidential or for attorneys' eyes only, as instructed by the Party, or Non-party offering or sponsoring the witness or presenting the testimony. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the confidential portion(s) (*e.g.,* by making appropriate markings in the margins, but not over text). A failure by the court reporter to affix any such legends shall not waive or affect the designations.

      c.    <u>For information produced in some form other than documentary and for any other tangible items</u>, the Producing Party must affix in a prominent place on the exterior of

the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall also identify the protected portions in such a way that does not interfere with the viewing of the evidence. If electronic files are produced and only some are Protected Material, the Producing Party may denote "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in file names, designating the portions the Producing Party contends are confidential or for attorneys' eyes only.

4.3.    Inadvertent Failures to Designate. An inadvertent failure to designate information or items as confidential or for attorneys' eyes only does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, if corrected within twenty-one days (21) after learning of the inadvertent disclosure. If material is appropriately designated as confidential or for attorneys' eyes only after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5. **CHALLENGING PROTECTED MATERIAL DESIGNATIONS**

5.1    Timing of Challenges. Any Party may challenge a designation of confidentiality or for attorneys' eyes only during the above styled litigation, but no later than the close of discovery. A Party does not waive its right to challenge a confidentiality or for attorneys' eyes only designation by electing not to mount a challenge promptly after the original designation is disclosed or upon learning new information that conflicts with the confidentiality or for attorneys' eyes only or renders it moot.

5.2     <u>Procedure for Parties Challenging Confidentiality Designations.</u> A Party may challenge the designation of a document or other material as Protected Material as follows:

a.     If a Party believes that material designated by another as Protected Material has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to that material under this Order, that Party shall provide to the Designating Party written notice of that disagreement, stating the reason(s) for the challenge. During the 10 business-day period following provision of the written notice to the Designating Party (the "Meet and Confer Period"), the Challenging and Designating Parties shall try to resolve such challenge in good faith on an informal basis.

b.     If neither the designation nor the objection is withdrawn during the Meet and Confer Period, the Designating Party shall have 20 business days from the end of the 10-day period described in 5.2(a) to file a motion requesting that the Court issue a decision as to whether the challenged material is, in fact, entitled to protection and, if so, a protective order requiring that the challenged material not be disclosed.

The Designating Party bears the burden of establishing that the material is entitled to protection.

Any material designated as Protected Material that is the subject of a challenge shall remain subject to this Protective Order unless the Court rules the challenged material is not entitled to protection. Except as otherwise agreed in writing by the parties, failure by the Designating Party to make such a motion within the applicable time period for doing so shall automatically waive the confidentiality designation for each challenged designation, absent good cause shown.

**6. ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions as are described herein.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     Disclosure of Protected Material. With the exception of material disclosed under Section 7. below, unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material only to:

a.     Outside Counsel of record of any Party in this action, including associated personnel necessary to assist Outside Counsel in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel working at Outside Counsel's law firm;

b.     Parties to this litigation and their officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for this litigation;

c.     Experts (as defined in this Order) of the Receiving Party, including associated personnel necessary to assist Experts in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel, so long as such Expert has signed the "Acknowledgment and Agreement to Be Bound by Agreed Protective Order" (Exhibit "A") and has informed any associated personnel that the material is Confidential and covered by the terms of this Order. Counsel for all parties to this action shall maintain such certification;

  d.  The Court, including associated personnel necessary to assist the Court in its functions, subject to the sealing procedures and requirements herein;

  e.  Litigation support services, including outside copying services, court reporters, stenographers, videographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in these proceedings, for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A). Counsel for all parties to this action shall maintain such certification and will provide copies of them to Designating Party's counsel upon request within sixty (60) days following the conclusion of the case at the discretion of counsel who is maintaining such certifications or pursuant to Court order. This provision does not apply to and specifically excludes any undisclosed/consulting experts;

  f.  Other Professional Vendors to whom disclosure is reasonably necessary for this litigation and for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Agreed Protective Order" (Exhibit A). Counsel for all parties to this action shall maintain such certification and will provide copies of them to Designating Party's counsel upon request within sixty (60) days following the conclusion of the case at the discretion of counsel who is maintaining such certifications or pursuant to Court order. This provision does not apply to and specifically excludes any undisclosed/consulting experts;

  g.  Any actual or potential witness in the action who was previously a recipient of the Protected Material and has signed the "Acknowledgment and Agreement to Be Bound by Agreed Protective Order" (Exhibit A), provided that counsel believes, in good

faith, that such disclosure is reasonably necessary for the prosecution or defense of these proceedings. Counsel for all parties to this action shall maintain such certification and will provide copies of them to Designating Party's counsel upon request within sixty (60) days following the conclusion of the case at the discretion of counsel who is maintaining such certifications or pursuant to Court order. This provision does not apply to and specifically excludes any undisclosed/consulting experts;

  h. The author(s) of the document or the original source(s) of the information, but if such author(s) or source (s) are not an employee of the Designating Party, the author(s) or source (s) shall first sign the "Acknowledgement and Agreement to Be Bound by Agreed Protective Order" (Exhibit A);

  i. Counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or to indemnify or reimburse payments or costs associated with these proceedings and who has signed the "Acknowledgment and Agreement to Be Bound by Agreed Protective Order" (Exhibit A);

  j. Any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel, provided that a company representative for the mediator or arbitrator has signed the "Acknowledgment and Agreement to Be Bound by Agreed Protective Order" (Exhibit A); and

  k. Any other person as to whom the Producing Party has consented to disclosure in advance and in writing.

6.3     <u>Disclosure of Attorneys' Eyes Only Documents and Information</u>. Confidential or Attorneys' Eyes-Only documents or information may only be disclosed to those identified in section 6.2 a, c, d, e, f, g, h, j, and k, subject to the requirements set out in those subsections. During the course of depositions, should a Receiving Party feel the need to disclose Confidential or Attorneys' Eyes Only documents to an employee or officer of another party (as defined in 6.2(b)), the Designating Party will endeavor to make reasonable and necessary concessions to allow for such limited disclosure.

<u>No Protected Material shall be disseminated to anyone</u>:

a.     Who is an employee of a direct business competitor of the party producing the information; or

b.     Who is employed by a direct business competitor of the party producing the information and who directly participates in development, design, manufacturing, marketing, sales, or service activities of direct business competitors.

Nothing in paragraph 6.3 or its subparts shall prevent the disclosure of Protected Material to experts retained by the parties unless said expert is employed by a direct business competitor of the party producing the information.

7.     **<u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Protected Material, the Receiving Party must so notify the Designating Party in writing (by e-mail, if possible) within five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly notify in writing the party that caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the

subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Agreed Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

If the Designating Party timely seeks a protective order from the court where the subpoena or order issued, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by that court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Agreed Protective Order, the Receiving Party must promptly (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Agreed Protective Order" that is attached hereto as Exhibit A; and (e) providing the Designating Party with an explanation of all efforts to retrieve the improperly disclosed information including copies of all correspondence sent to or received from the person or entity receiving the unauthorized disclosure which relates to the disclosure.

9. **USE OF PROTECTED MATERIAL IN COURT**

Neither this Order, nor any confidentiality designation under it, is a sufficient basis for demonstrating that court records may be sealed. The procedure for filing Protected Material with the Court shall be as described in LR 79.7 of the Southern District of Georgia Local Rules for Civil

Actions and as follows:

    a.    If the filing party is the Designating Party, it shall not move to seal any material that it does not, in good faith, believe meets the legal standard for sealing—even if it has previously marked such material confidential or attorneys' eyes only under this Order. If, after evaluating in good faith whether the information meets the legal standard for sealing, the Designating Party still seeks to file information under seal, it must file a motion to seal, demonstrating with particularity that each document or portion thereof that the party seeks to seal meets the legal standard for sealing. Unless the party believes in good faith that an entire document is sealable, it shall also file a redacted version of the document on the public docket.

    b.    If the filing party is not the Designating Party, it must file the Protected Material provisionally under seal, accompanied by a declaration explaining that the Protected Material is filed under seal only provisionally to give the Designating Party an opportunity to file a motion to seal; identifying the specific documents or portions thereof that have been designated confidential or attorneys' eyes only; and identifying the Designating Party. Unless an entire document is marked confidential or attorneys' eyes only, the filing party shall also file a public version of the document, with the Protected Material redacted, on the public docket.

If the Designating Party believes in good faith that the Protected Material should be sealed, it must file a motion to seal within fourteen (14) days. This motion must be accompanied by a declaration that specifically identifies each document or portion thereof the Designating Party seeks to seal and provides a factual basis for the Designating Party's

claim that sealing is warranted.

Absent an order granting an extension, if the Designating Party does not file a motion to seal within this deadline, it waives the right to have the material sealed, and the filing party shall file it on the public docket within 7 days of the deadline passing. If the Designating Party does file such a motion, the material will remain under seal provisionally unless and until the Court rules otherwise.

c. Unless the parties agree or the Court orders otherwise, the rules ordinarily applicable to briefing and opposing motions apply to a Designating Party's motion to seal.

d. This Agreed Protective Order and/or a Designating Party's or Producing Party's production of documents, things, or information in this action for inspection, copying, or disclosure to any other party to this action shall not be deemed to waive any claim of attorney-client or work product privilege that might exist with respect to these or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents that may be produced.

e. Any documents, information, and/or things produced and designated as Protected Material shall be presumed authenticated as records kept in the ordinary course of business by the Designating Party and/or Producing Party. This presumption is rebuttable.

**10. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**11. RETURN OR DESTRUCTION OF PROTECTED MATERIAL**

Within ninety (90) days from the entry of final judgment, settlement, or dismissal in connection with this action, each Party to this action and any entity that was provided Protected Material pursuant to this Agreed Protective Order shall return to counsel for the Designating Party or destroy its original copies of all Protected Material received under this Agreed Protective Order, together with all reproductions and copies. Counsel for any Receiving Party who provided Protected Material to persons or entities (including those identified in section 6.2 a, b, c, e, f, g, h, and i), other than the court, shall direct them to return or destroy the Protected Material within the foregoing timeframe.  Counsel for the Receiving Party does not have to return or destroy any work product which may contain Protected Material, including but not limited to a list or description of the Protected Material that was so designated by the Designating Party, although any such work product must be given continued protection as provided by this Agreed Protective Order and any such work product must not be disclosed to any person or entity except as provided by the terms of this Agreed Protective Order.  Each party's counsel will certify by declaration to the counsel for the Designating Party that this Order has been complied with by them, their clients, and their experts/consultants either simultaneous with the return of all Protected Material or within ten (10) days of the destruction of all Protected Material.

**12. MISCELLANEOUS**

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party

waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    **SO ORDERED** this 3rd day of January, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

    **SO AGREED AND CONSENTED TO:**

**KENNETH S. NUGENT, P.C.**

*/s/ Marcus Roberts*
Marcus Roberts, Esq. (*with express permission by William W. Horlock, Jr.*)
Georgia Bar No. 439158
*Attorneys for Plaintiff*

Kenneth S. Nugent, P.C.
One 10th Street, Suite 550
Augusta, GA 30901
Phone : (706) 396-5429
Facsimile : (706) 724-3555
E: mroberts@atttorneykennugent.com

**SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE LLP**

*/s/ William W. Horlock, Jr.*
William W. Horlock, Jr.
Georgia Bar No. 366980
Thomas J. Dunn, III
Georgia Bar No. 351398
*Attorneys for Defendants Rent-A-Tire, L.P. and Andrew O. Henderson*
900 Circle 75 Parkway, Suite 850
Atlanta, GA 30339
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
bhorlock@scrudderbass.com
tdunn@scrudderbass.com

**APPENDIX A TO THE PROTECTIVE ORDER**

**[ATTACH FULLY EXECUTED AGREED PROTECTIVE ORDER]**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| GEORGE L. DIXON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| v. ) | 1:24-CV-00212-JRH-BKE |
| ) | |
| ANDREW O. HENDERSON and ) | |
| RENT-A-TIRE, L.P., ) | |
| ) | |
| Defendants. ) | |

I acknowledge that I have read and understand the Agreed Protective Order entered in this action on _____, 20__ and agree to abide by its terms and conditions. Because it is necessary for me in the performance of my duties to have access to Protected Material that is the subject of the Agreed Protective Order, I understand and agree that I am personally bound by and subject to all of the terms and provisions of this Order. Without limitation of the foregoing, I understand that I cannot and I will not use or disclose any of the Protected Material except for any use or disclosure in connection with this litigation which is expressly permitted by the Agreed Protective Order. I also agree that any entity which has received designated material in this lawsuit and for which I am a representative will be bound and will abide by the terms and conditions of the Agreed Protective Order. I further agree to submit to the jurisdiction of the above-identified court for the purpose of any motions or proceedings regarding enforcement of the Agreed Protective Order. I also agree that I will promptly return or destroy any Protected Material upon written demand by the Party (or his/her/its counsel) from whom I received such Material.

Signed this _____ day of _____, 20____.

_____
Signature

_____
Address

_____
Telephone Number